**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-6495**

———————

M. RODNEY E. JONES, a/k/a Rodney E. Jones,
a/k/a Rodney M. Jones,

                                   Petitioner - Appellant,

         versus

SOUTH CAROLINA DEPARTMENT OF CORRECTIONS;
JON E. OZMINT, Director of South Carolina
Department of Corrections; STATE OF SOUTH
CAROLINA; HENRY DARGAN MCMASTER, Attorney
General of South Carolina,

                                   Respondents - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Margaret B. Seymour, District Judge.
(CA-03-2358-3)

———————

Submitted: August 25, 2004         Decided: September 13, 2004

———————

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

M. Rodney E. Jones, Appellant Pro Se. David Michael Tatarsky, SOUTH
CAROLINA DEPARTMENT OF CORRECTIONS, Columbia, South Carolina, for
Appellees.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

M. Rodney E. Jones appeals from the order of the district court accepting the report and recommendation of the magistrate judge and dismissing Jones' petition filed under 28 U.S.C. § 2254 (2000).

The district court dismissed Jones' complaint after it concluded that Jones had waived his right to de novo review by failing to file timely objections to the report and recommendation of the magistrate judge. Thereafter, Jones filed an objection in which he claimed to have filed a timely objection by depositing his filing with prison officials for mailing on January 15, 2004. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that prisoner's notice of appeal is deemed filed on the date it was deposited with prison officials for mailing). The district court construed this filing as a notice of appeal and forwarded the record to this court for review.

Because it is unclear from the record whether Jones filed timely objections by giving objections to prison officials for mailing within the period for filing objections, we remand the matter to the district court for the limited determination of whether Jones filed timely objections to the report and recommendation of the magistrate judge. Following the appropriate analysis by the district court, the record shall be returned to this court for further review.

REMANDED